IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRIS MALKOVSKY<br>700 Vineyard Drive #202<br>Broadview Heights, Ohio 44147 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT AND DAMAGES AND INJUNCTIVE RELIEF** |
| DORSKY YUE INTERNATIONAL, LLC<br>c/o Statutory Agent<br>DHP Landerbrook, Inc.<br>5910 Landerbrook Drive, Suite 200<br>Cleveland, Ohio 44124 | ) ) ) ) ) ) | |
| -And- | ) ) | **(Jury Demand Endorsed Hereon)** |
| DORSKY YUE INTERNATIONAL ARCHITECTURE, INC.<br>c/o Statutory Agent<br>Dorksy Yue International Architects<br>23240 Chagrin Blvd. Suite 330<br>Beachwood, Ohio 44122 | ) ) ) ) ) ) ) | |
| -And- | ) ) | |
| WILLIAM DORSKY<br>23240 Chagrin Blvd. Suite 300<br>Beachwood, Ohio 44122 | ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Kris Malkovsky by and through undersigned counsel, as her Complaint against

Defendant, states and avers the following:

**PARTIES**

1. Malkovsky is a resident of the city of Broadview Heights, county of Cuyahoga, in the state of

   Ohio.

2. Dorsky Yue International, LLC is an Ohio limited liability company.



3. Dorsky Yue International is a domestic for-profit limited liability company conducting business in the state of Ohio with its principal place of business located in Cuyahoga County at 23240 Chagrin Blvd., Beachwood, 44122.

4. Dorsky Yue International Architecture, Inc., is a domestic for-profit corporation conducting business in the State of Ohio with its principal place of business located in Cuyahoga County at 23240 Chagrin Blvd., Beachwood, 44122.

5. Dorsky Yue International and Dorsky Yue International Architecture collectively are hereinafter referred to as Dorsky Yue.

6. Dorsky Yue are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, were an enterprise within the meaning of section 3(r) of the Fair Labor Standards Act.

7. During all times material to this Complaint, Dorsky Yue was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) and R.C. § 4111.03(D).

8. During all times material to this Complaint, Plaintiff was an "employee" of Dorsky Yue within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

9. Defendant William Dorsky is employed by Dorsky Yue.

10. Dorsky did, and, at all times hereinafter mentioned, acted directly or indirectly in the interest of Dorsky Yue and/or within the scope of his employment at Dorsky Yue.

11. At all times relevant herein, Dorsky supervised and/or controlled Malkovsky's employment at Dorsky Yue.



The Employee's Attorney.™

12. Dorsky was an employer within the meaning of R.C. § 4112.01(A)(2).

## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14. This Court has personal jurisdiction over Dorsky Yue International because Dorsky Yue International is a domestic for-profit limited liability company that conducts business in this District, and at all times material to the allegations contained herein, Defendant Dorsky Yue International conducted business in this District and had sufficient minimum contacts within this District.

15. This Court has personal jurisdiction over Dorsky Yue International Architecture because it is a domestic for-profit limited liability company that conducts business in this District, and at all times material to the allegations contained herein, Defendant Dorsky Yue International conducted business in this District and had sufficient minimum contacts within this District.

16. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.

17. This Court has supplemental jurisdiction over Malkovsky's state law claims pursuant to 28 U.S.C. § 1367 as Malkovsky's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

18. All material events alleged in this Complaint occurred in Cuyahoga County.

19. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and have been responsible for the acts alleged herein, all of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District.

The Employee's Attorney.™



# FACTS

20. Malkovsky is female.

21. Malkovsky is a former employee of the Defendants.

22. In or around 2004, Malkovsky began working for Dorsky and Dorsky Yue's corporate predecessor, Dorsky Hodgson Parrish Yue.

23. Malkovsky was employed at Dorsky Hodgson Parrish Yue for five years and eleven months.

24. Prior to February 2012, a partner of Dorsky at Dorsky Hodgson Parrish Yue left the company to start her own firm, CC Hodgson Architectural Group.

25. In or around February 2012 through July 2013, Malkovsky was rehired to CC Hodgson Architectural Group.

26. In or around July 2013, Malkovsky became re-employed with Dorsky.

27. In or around July 2013, Dorsky Yue rehired Malkovsky as an administrative assistant.

28. Malkovsky remained employed at Dorsky Yue from July 2013 through April 2017.

29. As an administrative assistant, Malkovsky was told she was a salaried exempt employee.

30. As an administrative assistant, Malkovsky's work was directed and reviewed by Dorsky and Dorsky Yue employee, Kevin Zak.

31. Dorsky and Zak gave Malkovsky administrative assignments.

32. Malkovsky was required to follow Dorsky and Zak's instructions to complete her administrative assignments.

33. As an administrative assistant, Malkovsky lacked authority to use her own discretion and independent judgment to complete her administrative assignments.

34. As an administrative assistant, no other Dorsky Yue employees reported to Malkovsky.

35. As an administrative assistant, Malkovsky was docked pay for missing time during the week.

The Employee's Attorney.™



36. During Malkovsky's employment Dorsky required Malkovsky to act as a receptionist two days per week.

37. During the days when Malkovsky acted as a receptionist, she was required to work for nine and half hours without a break.

38. During her employment at Dorsky Yue, Malkovsky regularly worked at least 3 hours of overtime per week.

39. While Malkovsky performed receptionist duties she was performing hourly non-exempt work.

40. While Malkovsky performed administrative assistant duties she was performing hourly non-exempt work.

41. Malkovsky was misclassified as a salaried exempt employee during her employment at Dorsky Yue.

42. Dorsky Yue knew that the misclassification of Malkovsky as a salaried exempt employee violated overtime obligations imposed by the FLSA.

43. Dorsky Yue knew that it was unlawful to dock salaried employees for hours missed during the week.

44. In violating the FLSA, Dorsky Yue acted intentionally and willfully, and recklessly.

45. In violating the FLSA, Dorsky Yue acted in disregard of clearly applicable FLSA provisions.

46. In violating the FLSA, Dorsky Yue acted without a good faith basis in attempting to non-exempt employees to work overtime hours without being compensated.

47. During her employment, Malkovsky was subjected to discrimination and harassment based on her gender.

48. During her employment, Malkovsky suffered from medical conditions that made it difficult for her to work.

49. Malkovsky's medical conditions specifically affected her female reproductive organs.

The Employee's Attorney.™ 

50. During her employment, Malkovsky was disabled.

51. Dorsky treated Malkovsky less favorably than non-disabled employees.

52. In or around September 2016, Malkovsky requested time off from work in order to have a medical procedure related to her disability.

53. On or around September 2, 2016, Malkovsky emailed Zak to request time off. ("Malkovsky September 2, 2016 Email").

54. Malkovsky's request for time off contained in the Malkovsky September 2, 2016 Email was a request for a reasonable accommodation for her disability.

55. In the Malkovsky September 2, 2016 Email, Malkovsky complained about not being paid for the hours she worked as a receptionist.

56. In the Malkovsky September 2, 2016 Email, Malkovsky complained that her medical conditions seemed to be a problem for Dorsky Yue and Dorsky Yue employees.

57. During Malkovsky's employment Dorsky left an email chain related to the Malkovsky September 2, 2016 Email open on a computer operated by administrative assistants ("Dorsky E-mail Regarding Malkovsky's Employment").

58. In the Dorsky E-mail Regarding Malkovsky's Employment, Dorsky admitted that Dorsky Yue had been "interviewing to get rid of [Malkovsky] for a long time because she takes off time and frequently leaves as soon as [Zak] walks out early."

59. In the Dorsky E-mail Regarding Malkovsky's Employment, he confirmed Malkovsky's complaints that she believed her medical conditions were a problem for Dorsky Yue and Dorsky Yue employees as identified in the Malkovsky September 2, 2016 Email.

60. During Malkovsky's employment, Dorsky frequently talked down to Malkovsky.

61. During Malkovsky's employment, Dorsky frequently yelled at Malkovsky.

62. During Malkvosky's employment, Dorsky caused Malkovsky to fear for her personal safety.



63. During Malkovsky's employment, Dorsky kicked a garbage can at Malkovsky then forced her to pick up the spilled garbage and replace the can to its original location.

64. During Malkovsky's employment, Dorsky treated male employees more respectfully than female employees.

65. During Malkovsky's employment, Dorsky rarely raised his voice while speaking with male employees.

66. During Malkovsky's employment, Dorsky did not cause male employees to fear for their physical safety.

67. During Malkovsky's employment, Dorksy did not kick items at non-disabled employees.

68. During Malkovsky's employment, Dorsky did not cause non-disabled employees to fear for their physical safety.

69. During Malkovsky's employment, Dorsky told other Dorsky Yue employees that Malkovsky was involved in a sexual relationship with other Dorsky Yue employees.

70. Dorsky told other Dorsky Yue employees that Malkovsky was involved in a sexual relationship with other Dorsky Yue employees in an attempt to harass Malkovsky because of her gender.

71. At no point during Malkovsky's employment was she involved in a sexual relationship with a Dorsky Yue employee.

72. Dorsky made important employment related decisions based on Malkovsky's gender.

73. Dorsky made important employment related decisions based on his animus for Malkovsky's medical conditions affecting her female reproductive organs.

74. Dorsky made important employment related decisions based on Malkovsy's request for a reasonable accommodation.

75. Malkovsky was terminated on April 21, 2017.

76. Malkovsky was terminated for taking time off work to treat her disability.



77. Malkovsky was terminated because of her gender.

78. Malkovsky was terminated for complaining about Dorsky Yue's failure to compensate her for the time she spent working as a non-exempt employee.

79. Malkovsky was terminated as a result of requesting to be paid lawfully earned wages.

80. Malkovsky was terminated as a result of identifying that she was owed compensation for the time she spent working as a non-exempt employee.

81. Malkovsky was terminated as a result of complaining about her belief that Dorsky Yue viewed her disability and/or medical conditions as a problem.

82. As a result of Defendants' discrimination against Malkovsky, she suffered severe emotional distress.

83. As a result of being terminated unlawfully, Malkovsky has suffered severe emotional distress.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

84. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. At all times hereinafter mentioned, Dorsky Yue was a single enterprise within the meaning of section 3(r) of the Fair Labor Standards Act ("FLSA").

86. During all times material to this complaint, Plaintiff was not exempt from receiving overtime and/or minimum wage under the FLSA because, inter alia, she was not an "executive," "computer," "administrative," or "professional" employee, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

87. During all times material to this Complaint, Dorsky Yue violated the FLSA with respect to the Plaintiff by, *inter alia*, failing to compensate her at time-and-one-half times her regular rate of pay for any hours worked in excess of forty (40) hours per workweek.

The Employee's Attorney.™ 

88. During all times material to this complaint, Dorsky Yue knew that Plaintiff was not exempt from the minimum wage and overtime obligations imposed by the FLSA.

89. During all times material to this complaint, Dorsky Yue knew of their requirement to pay Plaintiff at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half her regular rate for hours worked in excess of forty (40) hours per workweek.

90. Dorsky Yue willfully withheld and failed to pay overtime compensation to which Plaintiff was entitled.

91. In violating the FLSA, Dorsky Yue acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

92. As a direct and proximate cause of Dorsky Yue's conduct, pursuant to 29 U.S.C. § 216(b), Dorsky Yue is liable to Plaintiff and those similarly situated for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

93. Malkovsky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

94. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, *et seq*.

95. During all times material to this Complaint, Plaintiff was a covered employee entitled to individual protection of the Ohio Wage Act.

96. During all times material to this Complaint, Dorsky Yue were covered employers required to comply with the Ohio Wage Act's mandates.

97. Malkovsky worked over forty hours per workweek during her employment with Dorsky Yue.

98. Dorsky Yue did not pay Malkovsky overtime wages for hours worked over forty per workweek.



The Employee's Attorney.™

99. Pursuant to Ohio Rev. Code § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one workweek.

100. Malkovsky was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A).

101. As a direct and proximate result of Dorsky Yue's failure to pay Malkovsky her lawfully earned overtime wages, Malkovsky suffered damages.

102. Dorsky Yue acted willfully, without a good faith basis and with reckless disregard in violating O.R.C. §§ 4111.01, *et seq*.

103. Dorsky Yue acted in bad faith in violating O.R.C. §§ 4111.01, *et seq*.

104. As a direct and proximate result of Dorsky Yue's failure to pay Malkovsky her lawfully earned overtime wages, pursuant to Ohio Rev. Code § 4111.10(A), Dorsky Yue is liable to Malkovsky for the full amount of the overtime wage rate, as well as for costs and reasonable attorneys' fees as may be allowed by the Court.

**COUNT III: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.02(A)**

105. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. Defendants were employers as defined by R.C. § 4112.01 *et seq*.

107. Dorsky was an employer as defined by R.C. § 4112.01 *et seq*.

108. Plaintiff is a member of a statutorily protected class based upon her gender under R.C. § 4112.02 *et seq*.

109. Throughout her employment, Plaintiff was fully competent to perform her essential job duties.

110. Defendants treated Plaintiff differently than other similarly situated employees based upon her gender.

The Employee's Attorney.™ 

111. Defendants treated Plaintiff differently than other similarly situated employees based upon her gender because Plaintiff suffered from medical conditions that affected her female reproductive organs.

112. Defendants treated Plaintiff differently than other similarly situated employees based upon her gender because Plaintiff needed to take time off of work to treat her medical conditions that affected her female reproductive organs.

113. Defendants treated Plaintiff differently than other similarly situated employees based upon her gender because male employees were permitted to take time off work to treat medical conditions without repercussion while Plaintiff was harassed and terminated.

114. Defendants violated R.C. § 4112.01 *et seq.*, by treating Plaintiff differently than other similarly situated employees based on her gender.

115. Defendants violated R.C. § 4112.01 *et seq.*, by permitting male employees to yell at Plaintiff because of her gender.

116. Defendants violated R.C. § 4112.01 *et seq.*, by permitting male employees to physically threaten Plaintiff because of her gender.

117. On or about April 21, 2017, the Defendants terminated Plaintiff from her employment without just cause.

118. Defendants terminated Plaintiff because of her gender.

119. Defendants' termination of Plaintiff is an unlawful adverse employment action based on Plaintiff's gender.

120. Defendants violated R.C. § 4112.01 *et seq.*, by terminating Plaintiff because of her gender.

121. During Plaintiff's employment, Defendants did not terminate similarly situated male employees for engaging in the same or similar conduct to the conduct that Defendants allege precipitated Plaintiff's termination.



122. Defendants' discrimination against Plaintiff based on her gender violates Ohio Revised Code R.C. § 4112.01 *et seq.*

123. As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **COUNT IV: DISABILITY DISCRIMINATION**

124. Malkovsky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

125. Malkovsky is disabled.

126. The Defendants perceived Malkovsky as being disabled.

127. Malkovsky's medical condition substantially impaired one or more of her major life activities including working.

128. The Defendants perceived Malkovsky's medical condition to substantially impair one or more of her major life activities including working.

129. The Defendants treated Malkovsky differently than other similarly-situated employees based on her disabling condition.

130. The Defendants treated Malkovsky differently than other similarly-situated employees based on her perceived disabling condition.

131. The Defendants treated Malkovsky differently than other similarly-situated employees by applying the attendance policy in a disparate manner based on actual or perceived disability of employees.

132. The Defendants violated R.C. §4112.01 *et seq.* by discriminating against Malkovsky based on her disabling condition.

The Employee's Attorney.™



133. The Defendants violated R.C. §4112.01 *et seq.* by discriminating against Malkovsky based on her perceived disabling condition.

134. On or about April 21, 2017, the Defendants terminated Malkovsky's employment without just cause.

135. The Defendants terminated Malkovsky's employment based on her disability.

136. The Defendants terminated Malkovsky's employment based on her perceived disability.

137. The Defendants violated R.C. §4112.01 *et seq.* when they discharged Malkovsky based on her disability.

138. The Defendants violated R.C. §4112.01 *et seq.* when they discharged Malkovsky based on her perceived disability.

139. The Defendants did not terminate similarly situated non-disabled employees for the same or substantially similar conduct.

140. As a direct and proximate cause of Defendants' conduct, Malkovsky suffered and will continue to suffer damages.

### COUNT V: RETALIATORY WRONGFUL TERMINATION IN VIOLATION OF OHIO REVISED CODE § 4112.02(I)

141. Malkovsky restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

142. Pursuant to Ohio Revised Code § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section. …"

143. Malkovsky reported that she believed Dorsky Yue employees believed her medical condition was a problem.

144. As a result of Malkovsky's opposing unlawful harassment and discrimination based on her disability, Defendants terminated Malkovsky's employment.

145. Defendants acted with actual malice when they retaliated against Malkovsky.

146. Defendants' conduct was in violation of R.C. § 4112.02(I).

147. As a direct and proximate cause of Defendants wrongful conduct, Malkovsky has suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Kris Malkovsky respectfully requests that this Honorable Court grant the following relief:

(a) Awarding to Plaintiff unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(b) Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(c) Awarding Plaintiff such other and further relief as the Court deems just and proper;

(d) An injunction prohibiting Dorsky Yue from engaging in future violations of the FLSA and the Ohio Wage Act;

(e) Issue an order requiring Defendants to restore Malkovsky to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(f) An award against Defendants of compensatory and monetary damages to compensate Malkovsky for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(g) An award of punitive damages against Defendants in an amount in excess of $25,000;

(h) An award of reasonable attorneys' fees and non-taxable costs for Malkovsky's claims as allowable under law;

(i) An award of the taxable costs of this action;



(j) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever; and

(k) An award of such other relief as this Court may deem necessary and proper.

        Respectfully submitted,

        */s/ Kenneth E. Smith*
        Kenneth E. Smith (0090761)
        **THE SPITZ LAW FIRM, LLC**
        25200 Chagrin Boulevard, Suite 200
        Beachwood, Ohio 44122
        Phone: (216) 291-4744
        Fax:    (216) 291-5744
        Email: ken.smith@spitzlawfirm.com

        *Attorney for Plaintiff Kris Malkovsky*

## JURY DEMAND

Plaintiff Kris Malkovsky demands a trial by jury by the maximum number of jurors permitted.

        */s/ Kenneth E. Smith*
        Kenneth E. Smith (0090761)
        **THE SPITZ LAW FIRM, LLC**

