# **CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT**

This Confidential Release and Settlement Agreement ("Agreement") is entered into between Kris Malkovsky, Dorsky Yue International, LLC, and William Dorsky. on this \_\_\_\_\_ day of March 2018.

**I.    PARTIES**

A.    Kris Malkovsky, on her own behalf and on behalf of her past, present, and future heirs, executors and administrators, assignees, transferees, representatives and agents (hereinafter collectively referred to as "Malkovsky").

B.    Dorsky Yue International, LLC on behalf of itself and all its past, present, and future subsidiaries, parents, predecessors, successors, executives, administrators, divisions, transferees, assigns, officers, directors, investors, shareholders, board members, employees, principals, members, managers, agents, insurers, reinsurers, and any trustees, executors, administrators and fiduciaries of any employee benefit plan (hereinafter collectively referred to as "Dorsky Yue").

C.    William Dorsky, on his own behalf and on behalf of his past, present, and future heirs, executors and administrators, assignees, transferees, representatives and agents (hereinafter collectively referred to as "Dorsky").

D.    Dorsky Yue and Dorsky are collectively referred to as Defendants.

E.    Malkovsky and Defendants are sometimes referred to collectively as Parties.

**II.    RECITALS**

A.    WHEREAS, Malkovsky filed a lawsuit captioned *Kris Malkovsky v. Dorsky Yue International, LLC,* N.D. Ohio No. 1:17-cv-01155 (the "Lawsuit"); and

B. WHEREAS, Defendants have denied and continues to deny each and every, all and singular, the allegations made in the Lawsuit; and

C. WHEREAS, disputes and controversies exist between the Parties with respect to the facts and circumstances, liability, and the amount of damages relating to the allegations made by Malkovsky; and

D. WHEREAS, pursuant to the agreement reached and entered into, the Parties desire to resolve the Lawsuit by way of compromise and settlement; and

E. WHEREAS, Malkovsky intends to and does release all known and unknown claims and causes of action to the date of this Agreement, which she has or in the future might have asserted against Defendants; and

NOW, THEREFORE, in consideration of the promises and other good and valuable consideration recited herein, the Parties hereby promise, agree and covenant as follows:

## III.  SETTLEMENT AGREEMENT

### A.  Mutual Release and Discharge

1. In exchange for the payment of $9,000 in three drafts as follows: 1) in the gross amount of $2,432.21 for economic damages made payable to Kris Malkovsky with required or authorized deductions and applicable taxes withheld and for which a W-2 will be furnished to Malkovsky in respect to this payment at the appropriate time; (2) in the gross amount of $2,432.21 payable to Kris Malkovsky for alleged non-economic compensatory damages and liquidated damages for which an IRS Form 1099 will be furnished in respect to this payment at the appropriate time; and (3) in the gross amount of $4,135.58 for attorneys' fees and costs payable to the Spitz Law Firm for which an IRS Form 1099 will be furnished in respect to this

payment at the appropriate time, Malkovsky voluntarily releases and discharges Defendants and Defendants voluntarily release and discharge Malkovsky from all charges, complaints, claims, demands, liens, covenants, obligations, debts costs, expenses, damages, judgments, order, liabilities, promises, agreements, causes of action, damages and debts of any nature whatsoever, suits obligations, causes of action or demands in law or equity (including but not limited to any arbitration claims) known or unknown (collectively referred to as "Claims"), which the Parties have, claim to have, or ever had against each other involving any matter, claim for compensation or benefits, or with respect to any other transaction, event or occurrence pre-dating the date of this Agreement, whether now known or unknown, including, but not limited to, any claim of breach of contract, failure to hire, intentional infliction of emotional distress, retaliation and/or employment discrimination, whether in tort or in contract, any employment intentional tort or violations of specific safety requirements (V.S.S.R.), any statutory or common law claim for attorneys' fees, any claim for interest on the amounts paid hereunder, or any other claim under present or future federal, state or local statute or law, including, but not limited to, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"); the Civil Rights Act of 1866, 42 U.S.C. §1981; the Civil Rights Act of 1991, P.L. 102-166; the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.*; the Equal Pay Act, 29 U.S.C. §206(d); the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*; the Occupational Safety and Health Act of 1970, 29 U.S.C. §553, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1986, 29 U.S.C. §1161, *et seq.*; the National Labor Relations Act,

29 U.S.C. §151, *et seq.* and any statutory amendments; R.C. Chapters 4111, 4112, 4121 and 4123; and Ohio Constitution Art. II, §§34, 34a and 35, O.A.C. 4121-3-20 *et seq.*

Additionally, Malkovsky voluntarily releases and discharges Defendants from any and all federal and/or state wage-and-hour claims, rights, demands, liabilities, and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, whether known or unknown, pursuant to the FLSA, 29 U.S.C. 201 *et seq.* and the Ohio Wage Act, R.C. 4111.01 *et seq.*

2. Malkovsky understands and agrees this settlement is a compromise of disputed claim, and neither the offer settlement nor the payment is to be construed as an admission of liability on the part of Defendants. Malkovsky understands and agrees this is a full and final agreement applying not only to all Claims as described above she knows of, anticipates, or has been told about, but also to all claims that are unknown, unanticipated, and undisclosed.

3. Nothing in this Agreement shall prevent Malkovsky from pursuing claims that cannot be waived under the law, such as filing a charge with the Equal Employment Opportunity Commission. Nothing in this Agreement shall prevent the Parties from filing a legal action to challenge whether this Agreement was breached. Malkovsky agrees to waive the right to receive any monetary recovery under any claim filed by another person or entity on his behalf or on behalf of a class.

4. Malkovsky affirms upon receipt of this settlement payment she has been paid and/or received from Defendants all compensation, wages, bonuses, vacation pay, commissions, expense reimbursements and/or other monies to which she may be entitled, including but not

limited to overtime compensation, and no compensation, wages, bonuses, vacation pay, commissions, expense reimbursements and/or other monies, including but not limited to overtime, are due to her.

### B. Saving Clause

Nothing in the foregoing Sections shall be construed to affect any of the Parties' right to enforce the terms of this Agreement.

### C. Mutual Non-Disparagement

Malkovsky will not disparage Defendants or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Defendants. Defendants will not, and agree to use their best efforts to cause Dorsky Yue's officers, directors and spokespersons not to disparage or take any action which could reasonably be expected to adversely affect the personal or professional reputation of Malkovsky. Defendants will not disparage Malkovsky or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Malkovsky. If Defendants receive a request for information regarding the employment of Malkovsky, they will disclose only the inclusive dates of the employment and state that pursuant to company policy, they will not disclose any additional information.

### D. No Re-Employment of Malkovsky

Malkovsky forever agrees not to seek reinstatement, re-employment or future employment with Dorsky Yue. Should she apply for or accept such employment, the Parties agree such employment or application shall be null and void from inception. This provision shall not be read to require Malkovsky to resign her employment with her current employer or a future

employer in the event Dorsky Yue merges with, acquires, or is acquired by a current or future employer of Malkovsky.

### E. Malkovsky's Liability for Taxes and Indemnity

Malkovsky expressly assumes all responsibility and liability for payment of any taxes which may be deemed due and owing on her share of the settlement proceeds to any taxing authority and expressly agrees to indemnify and hold harmless Defendants for any claim by any taxing authority as to these amounts in this Agreement.

#### 1. Medicare Information

Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, The Center for Medicare and Medicaid Services must be provided Malkovsky's full address, Social Security Number, date of birth, gender, and, if available, her Medicare Health Insurance Claim Number (HICN.) Provision of this information is a condition of this settlement. Spaces are provided at the end of this Release for compliance.

#### 2. Liens – Indemnity and Hold Harmless

Malkovsky further covenants and agrees any and all Medicare, Social Security, hospital, medical insurance coverage subrogation claims and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity, will be fully paid, satisfied and released from the settlement proceeds paid herein, in trust, unless and until such time as said liens and/or claims have been fully paid, satisfied or released.

In this regard, Malkovsky agrees to indemnify and hold harmless the Defendants, its insurance carriers, its attorneys and all others in privity with them, from any claim by, through

and/or under Malkovsky including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to Malkovsky's claims.

### 3. Medicare Set Aside

It is further expressly understood and agreed, to the extent applicable, Malkovsky promises to set aside funds necessary in an approved Medicare Set Aside Account, to pay for any anticipated future medical and/or health care needs of Malkovsky, for any injury and/or condition that requires treatment that arises from Malkovsky's claims against Defendants. In the alternative, Malkovsky covenants she does not presently anticipate she will require medical and/or health care treatment for the injuries and/or conditions related and/or arising from her claims against Defendants. Further, should funds not be placed in an approved Medicare Set Aside Account for Malkovsky, and care and treatment for injuries and/or conditions reasonably related her claims is subsequently sought, then Malkovsky covenants and represents to Defendants, its insurance carriers, its attorney and others in privity with them, she will not submit nor seek payment for said medical care from Medicare and/or any other government funded program. This covenant and representation shall be included as part of the indemnification obligations of Malkovsky stated herein.

### F. Applicable Law, Jurisdiction and Venue

This Agreement shall be deemed to be made and entered into in the State of Ohio, and shall in all respects be interpreted, enforced and governed under the internal laws of Ohio, without giving effect to choice of law principles. To that extent, the Parties hereby agree to consent to exclusive personal jurisdiction and venue of the State and Federal courts situated

within or for Ohio for purposes of enforcing this Agreement, and waive any objection that they might have to personal jurisdiction or venue in those courts.

### G. Voluntary and Knowing Assent

By signing this Agreement, the Parties hereto state that they have read this Agreement, understand it and know that they are giving up important rights and they fully understand and agree with everything in it, are aware of their right to consult an attorney before signing it and have signed it knowingly and voluntarily. The Parties represent and acknowledge that in executing this Agreement they have not relied upon any representation or statement not set forth herein made by any other Party or by any other Party's agents, representatives or attorneys with regard to the subject matter of this Agreement.

### H. Warranty of Capacity to Execute Agreement

Malkovsky represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Agreement, except as otherwise set forth herein; that Malkovsky has the sole right and exclusive authority to execute this Agreement and receive the sums specified in it; and that Malkovsky has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

### I. Modification or Amendment

This Agreement may not be modified or amended except by a writing executed by all Parties hereto. This Agreement constitutes the entire Agreement between the Parties concerning the subject matter hereof. With the exception of the representations or inducements set forth

herein, no Party has relied on any representation or inducement in connection with its execution of this Agreement.

### J. No Waiver

The failure of any Party to exercise its rights under this Agreement or to insist upon strict performance of the terms hereof shall not operate as a waiver or preclude such Party from later exercising its rights hereunder.

### K. Headings

The headings in this Agreement are inserted for convenience only and do not control or influence the meaning or interpretation of the terms hereof.

### L. Severability

Malkovsky agrees if any portion or provision of this Agreement is declared illegal or unenforceable by a court of competent jurisdiction, then the court may amend such portion or provision so as to comply with the law in a manner consistent with the intention of this Agreement, the remainder of this Agreement, or the application of such illegal or unenforceable portion or provision in circumstances other than those as to which it is so declared illegal or unenforceable, shall not be affected thereby, and each portion and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

### M. Notice and Acknowledgement

Malkovsky is advised to consult with an attorney before signing this Agreement and affirms she has done so. She acknowledges she was given the opportunity to consider this Agreement for twenty-one (21) days after it was presented on _____ before executing it. If not signed by Malkovsky and returned so it is received by Counsel for

Defendants within twenty-one (21) days of receipt, this Agreement will not be valid.  In addition, if Malkovsky breaches any of the conditions of the Agreement within the twenty-one (21) day period, the offer of this Agreement will be withdrawn and the execution of the Agreement will not be valid.  If Malkovsky executes and returns this Agreement in less than twenty-one (21) days from the date of receipt, she acknowledges such decision was voluntary and she had the opportunity to consider this Agreement for the entire twenty-one (21) day period. Malkovsky further agrees any changes to this Agreement negotiated by the Parties after it was first presented do not start a new twenty-one (21) day period.

Defendants acknowledges for a period of seven (7) days from the date of the execution of this Agreement, Malkovsky retains the right to revoke this Agreement by written notice sent via US Mail to Julie L. Juergens, Esq., Gallagher Sharp, 1501 Euclid Avenue, Sixth Floor – Bulkley Building, Cleveland, Ohio 44115, before the end of such period, and this Agreement will not become effective or enforceable until the expiration of such revocation period.

### N.     Entire Agreement/Merger of Agreements

The Parties agree this document sets forth the entire agreement among them, and there are no other agreements, oral or written, express or implied, relating to any matters covered by this Agreement, or any other agreement in effect and relating to any other matter whatsoever, whether or not within the knowledge or contemplation of either Party at the time of execution of this Agreement.  To the extent that there are any other agreements between the Parties, they are hereby mutually declared null and void.

In testimony hereof, the Parties have caused this Confidential Release and Settlement Agreement to be executed on the date set forth below.

*CAUTION: READ BEFORE SIGNING*

It is understood and agreed that the information provided below will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

| Full Name as it appears on your Social Security Card | Social Security Number |
|---|---|
| _____ | _____ |
| Address | Date of Birth |
| _____ _____ | _____ |
| Medicare Health Insurance Claim Number (HICN) | Gender |
| _____ (If none, so state) | _____ |

By: _____
    KRIS MALKOVSKY
Dated: _____

DORSKY YUE INTERNATIONAL, LLC

By:    _____
Its:    _____
Print Name: _____
Dated:  _____

By: _____
WILLIAM DORSKY

Dated:  _____